UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES LEFEVRA, | ) | |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 1:25-cv-12182-JEK |
| JUDGE JUBINVILLE, et al., | )<br>) | |
| Defendants. | )<br>) | |

**MEMORANDUM AND ORDER**

**KOBICK, J.**

Plaintiff James Lefevra, who is representing himself in this case, has filed a complaint alleging that the defendants violated certain constitutional and statutory rights. With the complaint, he also filed a motion for leave to proceed *in forma pauperis* and a motion for a temporary restraining order and preliminary injunction. For the reasons that follow, the Court will grant the motion to proceed *in forma pauperis*, deny the motion for a temporary restraining order and preliminary injunction, and dismiss this action. Lefevra's complaint, which is subject to screening under 28 U.S.C. § 1915(e)(2)(B), must be dismissed because his claims against the judicial defendants are barred by various immunity doctrines and the Federal Courts Improvement Act of 1996, and because his claims against the only private defendant fail to sufficiently allege state action.

**BACKGROUND**

Lefevra brings this action under 42 U.S.C. §§ 1983 and 1985 against the defendants—"Judge Jubinville," the Framingham District Court, an unidentified "Civil Court Administrator," a court clerk with the first name "Carlos," "John Doe Judge," and James Doucette—claiming

violations of his rights under the First, Fifth, and Fourteenth Amendments. ECF 1, § I. Lefevra alleges that all defendants were "acting under color of state law." *Id.* § II.

The facts, as alleged in the complaint, are as follows. "Doucette took possession of $3,500 owed to" Lefevra on April 1, 2022 "under false pretense and coercion." *Id.* § III.A. As a result, "criminal proceedings were filed against Doucette for the fraudulent taking," and Lefevra subsequently brought a civil lawsuit. *Id.* In early 2023, judgment entered in Lefevra's favor in that civil action, and Doucette was ordered to pay Lefevra $3,500 plus interest. *Id.* Doucette has refused to pay this judgment, notwithstanding his financial ability to do so. *Id.*

Lefevra alleges that, in the civil action, Judge Jubinville demonstrated a "pattern of bias" against him and denied him due process, including by ignoring evidence he presented, using a hostile tone with him, refusing to address his motions, and allowing Doucette to introduce irrelevant and prejudicial evidence. *Id.* § III.B. The Framingham District Court allegedly conspired to delay those civil proceedings by "fail[ing] to provide reasonable assistance to [a] pro se litigant" and "promis[ing] callbacks that never occurred." *Id.* § III.C. Lefevra also alleges that a clerk at the Framingham District Court named Carlos "obstructed [the] filing process through delay tactics during motion filing," *id.*, and that an "[u]nnamed judge refused to hear [his] pending motions before proceeding with [a] hearing," *id.* § III.D.

Against all defendants, the complaint asserts five claims. *See id.* § IV. Counts I, II, IV, and V, which assert claims under 42 U.S.C. § 1983, allege that the defendants denied Lefevra access to the courts, violated his Fourteenth Amendment right to due process, and violated his rights as a *pro se* litigant. Count III, which asserts a claim under 42 U.S.C. § 1985, alleges that the defendants conspired to deny his constitutional rights, obstruct his emergency motions, and delay proceedings. Lefevra seeks approximately $10,000—a sum comprising the original judgment of $3,500 plus

interest, court costs, lost wages, and emotional distress—and requests punitive damages. ECF 1, § V.

With his complaint, Lefevra also filed a motion for leave to proceed *in forma pauperis*, ECF 2, and a motion for a temporary restraining order and preliminary injunction, ECF 5. Upon review, the Court concludes that Lefevra is without assets to pay the filing fee and will grant the motion for leave to proceed *in forma pauperis*. In his motion for a temporary restraining order, Lefevra asks that the Court immediately "stay all state court proceedings pending federal resolution," freeze Doucette's assets, "compel [an] immediate emergency hearing . . . or federal assumption of jurisdiction," and "prohibit retaliation . . . against [him] for filing [this] federal lawsuit." ECF 5, at 1-2 (capitalization omitted). His request for a preliminary injunction asks this Court to assume jurisdiction over the state court action, prohibit Judge Jubinville's involvement in Lefevra's cases, afford Lefevra "reasonable assistance," and garnish Doucette's wages and preserve his assets "for judgment collection." *Id.* at 2.

## DISCUSSION

When, as here, a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court must construe the well-pleaded facts "in the light most favorable to the plaintif[f]." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quotation marks omitted).

I. **Judges Jubinville and Doe.**

Lefevra's claims for damages against Judge Jubinville and the unnamed Judge Doe are barred by the doctrine of absolute judicial immunity. Such immunity "bars all claims against judges for acts done 'in the exercise of their judicial functions.'" *Suny v. KCP Advisory Grp., LLC*, 152 F.4th 25, 29 (1st Cir. 2025) (quoting *Butz v. Economou*, 438 U.S. 478, 508 (1978)). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself," such as "whether it is a function normally performed by a judge, and . . . whether [the parties] dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (quotation marks omitted). These defendants are entitled to absolute judicial immunity because their alleged actions in Lefevra's state court proceedings are "'truly judicial'—i.e., adjudicative—acts." *Suny*, 152 F.4th at 29 (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)). Lefevra alleges, for example, that Judge Jubinville ignored evidence and "allow[ed] Doucette to introduce irrelevant prejudicial character evidence." ECF 1, § III.B. He also alleges that the "[u]nnamed judge refused to hear [his] pending motions before proceeding with [a] hearing." *Id.* § III.D. Such actions are quintessential judicial-capacity acts. Both judges are therefore entitled to immunity from liability for damages.

Lefevra's claims for injunctive relief against Judges Jubinville and Doe are barred by the Federal Courts Improvement Act of 1996 ("FCIA"), which, as relevant here, immunizes "judicial officers" from lawsuits seeking injunctive relief. Pub. L. No. 104-317, § 309(c), 110 Stat. 3853;

*see Brown v. Rhode Island*, 511 F. App'x 4, 6 (1st Cir. 2013) (per curiam).[1] The FCIA provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Lefevra does not challenge any declaratory decree or allege that declaratory relief is unavailable, as he can seek judicial review in state court. *See Adames v. Fagundo*, 198 Fed. App'x 20, 22 (1st Cir. 2006) (per curiam) (rejecting argument that "judicial immunity [did] not apply to claims for injunctive and declaratory relief under section 1983" where "appellants [did] not argue that the statutory exceptions set out in this provision should apply"); *Grove v. Groome*, 817 Fed. App'x 551, 555 (10th Cir. 2020) (declaratory relief not "unavailable" where plaintiff was able to petition the state appellate court to consider the merits of his appeal). Accordingly, Lefevra fails to state a claim against Judges Jubinville and Doe.

## II.     **Framingham District Court.**

Lefevra's claims against the Framingham District Court, which is an arm of the Commonwealth of Massachusetts, are barred by the Eleventh Amendment. That Amendment provides States with immunity from suit in federal court unless the State has waived its immunity by consenting to be sued or Congress has expressly abrogated that immunity. *See Maysonet-Robles v. Cabrero*, 323 F.3d 43, 48-49 (1st Cir. 2003). Such immunity also extends to entities that are "'arm[s] of the state.'" *Wojcik v. Massachusetts State Lottery Comm'n*, 300 F.3d 92, 99 (1st Cir. 2002). State courts, like the Framingham District Court, are "arms of the state" for purposes of the

---

[1] While Lefevra appears to assert claims against the Judges only in their "individual capacit[ies]," the Court liberally construes the complaint as raising damages claims against them in their individual capacities and claims for injunctive relief against them in their official capacities. ECF 1, at 1; *see Grove v. Groome*, 817 Fed. App'x 551, 554-55 (10th Cir. 2020) (judges may be sued for damages in their individual capacities and for injunctive relief in their official capacities).

Eleventh Amendment and are therefore immune from suit unless an exception to immunity applies. *See Bostwick v. Middlesex Superior Ct.*, No. 24-cv-10164-ADB, 2025 WL 950997, at *4 (D. Mass. Mar. 27, 2025) (citing *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003)); 13 C. Wright, A. Miller & R. Freer, Fed. Prac. & Proc. § 3524.2 (3d ed. May 2025 update) ("As a general matter, state courts are considered arms of the state.").

Lefevra has not demonstrated that any exception to Eleventh Amendment immunity applies here. He has not shown that the Framingham District Court has waived its immunity by "making a clear declaration" of intent to submit to this Court's jurisdiction. *Arecibo Cmty. Health Care, Inc. v. Commonwealth of Puerto Rico*, 270 F.3d 17, 24 (1st Cir. 2001) (quotation marks omitted). Nor has Congress abrogated States' Eleventh Amendment immunity from claims under 42 U.S.C. §§ 1983 and 1985. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) (Congress may abrogate a State's sovereign immunity, but only when it "unequivocally expresses its intent" to do so); *Patillo v. Larned State Hosp.*, 462 Fed. App'x 780, 783 (10th Cir. 2012) (Congress has not abrogated States' immunity under Sections 1983 and 1985). The Eleventh Amendment thus bars Lefevra from asserting his claims against the Framingham District Court.

### III.   Court Clerk and Civil Court Administrator.

Lefevra's claims for damages against Clerk Carlos and the unnamed Civil Court Administrator are barred by the doctrine of quasi-judicial immunity. Such immunity "applies to non-judges who act in a judicial capacity, meaning that they exercise a discretionary judgment in helping to resolve disputes between parties," and those "who carr[y] out the orders of an appointing judge." *Suny*, 152 F.4th at 30 (quotation marks omitted). Like with the two defendant Judges, the complaint alleges that the court administrator and clerk performed "truly judicial" tasks. *Id.* (quotation marks omitted). Lefevra's factual allegations—that "[c]ourt clerk Carlos obstructed

6

[the] filing process through delay tactics during motion filing" and that "[c]ourt personnel repeatedly promised callbacks that never occurred"—relate to these defendants' core duties as court officials. ECF 1, § III.C. Quasi-judicial immunity therefore bars Lefevra's claims against them for damages. *See Cline v. Locke*, No. 22-cv-12228-FDS, 2023 WL 3605443, at *2 (D. Mass. May 23, 2023) (finding former court administrator immune from suit and collecting similar cases). With respect to Lefevra's claims for injunctive relief against these two officials, "[m]ost courts to have addressed the issue have concluded that the FCIA applies to quasi-judicial officials" like court clerks and administrators. *Brown v. Rhode Island*, 511 Fed. App'x 4, 6 (1st Cir. 2013) (citing *Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) and *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)); *see Cottrell v. Mann*, No. 24-cv-11926-DJC, 2025 WL 1951964, *4 n.5 (D. Mass. July 15, 2025). Agreeing with this consensus, the Court concludes that these defendants are "judicial officers" under the FCIA, and that Lefevra's claims against them for injunctive and declaratory relief are barred by the FCIA for the same reasons that those claims fail with respect to the two Judges. *See* 42 U.S.C. § 1983; *Adames*, 198 Fed. App'x at 22. Lefevra thus fails to state any viable claims against Clerk Carlos or the unnamed Civil Court Administrator.

**IV.    Doucette.**

Lefevra's claims against Doucette, a private individual, must be dismissed because the complaint fails to allege that he is in any way affiliated with the State or acted in concert with court personnel. To sustain his Section 1983 claims, Lefevra "must allege that [Doucette] acted under color of state law and that [Doucette's] conduct violated a protected right." *Pike v. Budd*, 133 F.4th 74, 83 (1st Cir. 2025). Section 1983 "does not apply to 'merely private conduct, no matter how discriminatory or wrongful.'" *Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 31 (1st Cir. 2014) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)); *see Lindke v.*

*Freed*, 601 U.S. 187, 194 (2024) (Section 1983 "protects against acts attributable to a State, not those of a private person"). The factual allegations in the complaint allege private misconduct: Doucette's failure to pay the $3,500 judgment against him to Lefevra. *See* ECF 1, § III.A. Absent any factual support for regarding Doucette's challenged actions as attributable to the State, Lefevra's conclusory allegation that Doucette was "acting under color of state law" is insufficient. *Id.* § II; *see Glaros v. Perse*, 628 F.2d 679, 685 (1st Cir. 1980) (affirming dismissal of a Section 1983 claim against "defendant private individuals" where plaintiff relied on "conclusory statements that all defendants acted under color of law"); *Elena v. Municipality of San Juan*, 677 F.3d 1, 6 (1st Cir. 2012) (similar).

While "a conspiracy between a state actor and a private party to accomplish a prohibited end constitutes state action," *Alston v. International Association of Firefighters, Local 950*, 998 F.3d 11, 33 (1st Cir. 2021), Lefevra fails to allege that Doucette was "jointly engaged with state officials in the prohibited action," *United States v. Price*, 383 U.S. 787, 794 (1966). At most, the complaint alleges that there was an "[a]greement between personnel to obstruct emergency motions and delay proceedings." ECF 1, § IV. Lefevra cannot, therefore, state a viable Section 1983 claim against Doucette on a conspiracy theory. Nor can Lefevra prevail on his Section 1985 claim without alleging a conspiracy between Doucette and court personnel. *See* 42 U.S.C. § 1985(3) (prohibiting "two or more persons in any State or Territory [from] conspir[ing to] . . . depriv[e], either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws"); *Alston v. Spiegel*, 988 F.3d 564, 577 (1st Cir. 2021) (outlining the elements of such a claim). Accordingly, Lefevra has failed to state a claim against Doucette.

V. **Motion for a Temporary Restraining Order and Preliminary Injunction.**

Absent viable claims, Lefevra's motion for a temporary restraining order and preliminary injunction must be denied. "A temporary restraining order and (ultimately) a preliminary injunction preserve the status quo during the pendency of trial-court proceedings." *Berge v. Sch. Comm. of Gloucester*, 107 F.4th 33, 37 n.6 (1st Cir. 2024). "To determine whether to issue a temporary restraining order, the Court applies the same four-factor analysis used to evaluate a motion for preliminary injunction." *Monga v. Nat'l Endowment for Arts*, 323 F. Supp. 3d 75, 82 (D. Me. 2018). Lefevra bears the burden to demonstrate: "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *NuVasive, Inc. v. Day*, 954 F.3d 439, 443 (1st Cir. 2020) (quotation marks omitted). Because, as explained, Lefevra has failed to state a plausible claim against any defendant, he cannot establish a likelihood of success on the merits. *See CVS Pharmacy, Inc. v. Lavin*, 951 F.3d 50, 55 (1st Cir. 2020) (the likelihood of success on the merits factor "weighs most heavily in the preliminary injunction analysis"). His motion for a temporary restraining order and preliminary injunction will therefore be denied.

## CONCLUSIONS AND ORDERS

For the foregoing reasons, the Court ORDERS as follows:

1. The motion for leave to proceed *in forma pauperis*, ECF 2, is GRANTED.

2. This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). This dismissal is without prejudice regarding any state law claims against Doucette concerning the collection of the alleged court judgment against him.

    3.    The motion for a temporary restraining order and preliminary injunction, ECF 5, is DENIED.

    SO ORDERED.

Dated: October 28, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE